WINDOM, Presiding Judge, dissenting.
I do not believe that the act of giving a statement to two federal agents constitutes a "proceeding heard before any legislative, judicial, administrative or other government agency or official authorized to hear evidence under oath." § 13A-10-100(b)(5), Ala. Code 1975 (defining an "Official Proceeding") (Emphasis added.) In other words, I do not believe that the act of collecting evidence can be fairly equated to "a proceeding heard before" a body "authorized to hear evidence under oath." Id. Further, I do not believe that federal agents fall within the category of "any legislative, judicial, administrative or other government agency or official." Id. See also, § 13A-10-1(2), Ala. Code 1975 (defining "government" as "[t]he state, county, municipality, or other political subdivision thereof, including public county and city boards of education, the youth services *661 department district, the Alabama Institute for Deaf and Blind, and all educational institutions under the auspices of the State Board of Education" (emphasis added) ). Accordingly, I disagree that the process of two federal agents' collecting evidence during a criminal investigation constitutes an "official proceeding" necessary for a conviction for first-degree perjury. See § 13A-10-101(a), Ala. Code 1975. Therefore, I respectfully dissent from the Court's decision to affirm Sara Courtney Habel's first-degree-perjury conviction.